UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4832 PA (JCx) | Date | August 3, 2021 |
|---|---|---|---|
| Title | Steven Kane v. Smithfield Direct, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Remand filed by plaintiff Steven Kane ("Plaintiff") (Docket No. 13). In the Notice of Removal filed by defendant Smithfield Direct, LLC ("Defendant"), Defendant asserted that jurisdiction existed based on diversity of citizenship. See 28 U.S.C. § 1332. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for August 16, 2021, is vacated, and the matter taken off calendar.

Plaintiff commenced this action in Los Angeles Superior Court on April 12, 2021. The Complaint, which alleges wage and hour claims under the California Labor Code. Plaintiff's Complaint alleges claims both individually and on behalf of a putative class of Defendant's employees employed in California. Defendant, alleging that it was served with the Summons and Complaint on May 14, 2021, filed its Notice of Removal on June 14, 2021. The Notice of Removal alleges that "[t]here is complete diversity among all parties . . . and the amount in controversy for Plaintiff Steven Kane exceeds $75,000, exclusive of interests and costs . . . ." (Notice of Removal ¶ 3.) According to Defendant, the Court possesses supplemental jurisdiction over the class claims pursuant to 28 U.S.C. § 1367(a).

In his Motion to Remand, Plaintiff contends that Defendant failed in its Notice of Removal to satisfactorily establish Plaintiff's citizenship, Defendant's citizenship, and the amount in controversy to support the Court's exercise of diversity jurisdiction over Plaintiff's claims against Defendant.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4832 PA (JCx) | Date | August 3, 2021 |
|---|---|---|---|
| Title | Steven Kane v. Smithfield Direct, LLC | | |

statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

When determining the amount in controversy, the Court must assume that the allegations in the complaint are true and that a jury will return a verdict in the plaintiff's favor on all of the claims in the complaint. See Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (emphasis in original); see also Rippee v. Boston Market Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus, 980 F.2d at 566 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). "[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). "Whether damages are unstated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4832 PA (JCx) | Date | August 3, 2021 |
|---|---|---|---|
| Title | Steven Kane v. Smithfield Direct, LLC | | |

in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds [the statutory minimum] when federal jurisdiction is challenged. . . . [A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015). "Conclusory allegations as to the amount in controversy are insufficient." Matheson, 319 F.3d at 1090–91.

As explained by the Supreme Court, "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014). "'[W]hen a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" Arias v. Residence Inn by Marriott, 936 F.3d 920, 925 (9th Cir. 2019) (quoting Dart Cherokee, 574 U.S. at 88, 135 S. Ct. at 554).

The Court notes that Plaintiff never disclaims that he seeks less than $75,000.00, and instead argues only that Defendant has not met its burden to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. That is, Plaintiff calls into question the assumptions and calculations used by Defendant in the Notice of Removal and in Opposition to the Motion to Remand to satisfy the jurisdictional minimum, and questions the evidence supporting those calculations, but offers no contrary evidence of his own. Similarly, with respect to Defendant's allegations concerning the citizenship of the parties, Plaintiff never states that, at the time of removal, he was not a citizen of California as alleged by Defendant, or that Defendant is not a citizen of Virginia, but only questions the sufficiency of Defendant's allegations and evidence. Plaintiff provides no compelling evidence of his own.

In these circumstances, and having reviewed the evidence submitted by Defendant in support of both the Notice of Removal and in Defendant's Opposition to the Motion to Remand, the Court concludes that Defendant has satisfied its burden to establish by a preponderance of the evidence that the parties are diverse and that the amount in controversy for Plaintiff's claims exceeds the jurisdictional minimum for diversity jurisdiction. The Court therefore denies Plaintiff's Motion to Remand.

IT IS SO ORDERED.