UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4832 PA (JCx) | Date | December 29, 2021 |
|---|---|---|---|
| Title | Steven Kane v. Smithfield Direct, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**   IN CHAMBERS – COURT ORDER

Before the Court is a Motion for Preliminary Approval of Class Action Settlement filed by plaintiff Steven Kane ("Plaintiff") (Docket No. 34). Defendant Smithfield Direct, LLC ("Defendant") does not oppose the Motion for Preliminary Approval. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for January 10, 2022, is vacated, and the matter taken off calendar.

**I.      Factual and Procedural Background**

Plaintiff seeks preliminary approval of his settlement of wage-and-hour claims on behalf of a putative California class of all persons who were employed by Defendant in California as hourly Route Sales Representatives and/or Relief Route Sales Representatives from April 12, 2017, through November 30, 2020. Plaintiff's operative First Amended Complaint alleges claims under the California Labor Code for: (1) an alleged failure to pay minimum wages; (2) an alleged failure to pay overtime; (3) an alleged failure to pay all vacation wages; (4) an alleged failure to provide meal periods; (5) an alleged failure to provide rest periods; (6) an alleged failure to pay sick leave at the appropriate rate; (7) an alleged failure to provide accurate wage statements; and (8) an alleged failure to pay wages timely to terminated employees. Plaintiff also assert a claim for unfair competition and eight separate claims under California's Private Attorneys General Act ("PAGA").

The Action was removed to this Court pursuant to this Court's diversity jurisdiction based on allegations that Plaintiff's citizenship is diverse from Defendant and the amount in controversy associated with Plaintiff's individual claims exceeded $75,000.00, and that the Court possesses supplemental jurisdiction over the claims of the putative class members. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4832 PA (JCx) | Date | December 29, 2018 |
|---|---|---|---|
| Title | Steven Kane v. Smithfield Direct, LLC | | |

Action was not removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

The Settlement Agreement provides for a Gross Settlement Amount ("GSA") of $350,000, of which no part reverts to Defendant. The GSA includes (i) Class Counsel's attorneys' fees up to $116,666, which constitutes 33% of the GSA, to compensate Class Counsel for work performed and remaining to be performed to secure final settlement approval, and (ii) litigation expenses estimated at $19,000; (iii) a Class Representative Service Payment to Plaintiff of $10,000; (iv) Administration expenses not to exceed $6,500; and (e) PAGA Payment of $15,000, with 75% ($11,250) going to the Labor Workforce and Development Agency and 25% ($3,750) to all eligible aggrieved employees. Under the terms of the Settlement Agreement, should the Court approve the deductions for attorneys' fees, costs, and a service payment to Plaintiff, the Net Settlement Amount ("NSA") for distribution to the 45 members of the class would equal $174,027.50.

## II.   Analysis

The parties request that the Court preliminarily approve the Settlement Agreement under Federal Rules of Civil Procedure 23(a) and 23(b)(3). A plaintiff seeking a Rule 23(b)(3) class certification must first satisfy the prerequisites of Rule 23(a). Once subsection (a) is satisfied, the purported class must then fulfill the requirements of Rule 23(b)(3).

### A.   Rule 23(a) Requirements

Rule 23(a) establishes four prerequisites for class action litigation: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Fed. R. Civ. P. 23(a).

#### 1.   Numerosity

The numerosity prerequisite is met if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). To establish that joinder of all members is "impracticable," the plaintiff need not show that it would be "impossible" to join every class member. Haley v. Medtronic, Inc., 169 F.R.D. 643, 647 (C.D. Cal. 1996). There is no specific number requirement, as the court may examine the specific facts of each case. Ballard v. Equifax Check Servs., Inc., 186 F.R.D. 589, 594 (E.D. Cal. 1999). Here, the parties estimate that the settlement classes consist of 45 members. Given the number of class members involved, the Court finds that the numerosity requirement is met.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4832 PA (JCx) | Date | December 29, 2018 |
|---|---|---|---|
| Title | Steven Kane v. Smithfield Direct, LLC | | |

**2. Commonality**

The commonality requirement is met if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The commonality requirement is construed "permissively." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998). All questions of fact and law need not be common; rather, "[t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." Id. "'What matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.'" Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011) (quoting Richard Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U. L. Rev. 97, 132 (2009)).

Here, Plaintiffs contend that this action presents common questions concerning whether the members of the class were categorically exempt from California's overtime, meal, and rest break laws by nature of their job as commercial truck drivers and as outside sales representatives; whether Smithfield properly calculated the rate of pay for sick leave and vacation; whether Smithfield issued accurate wage statements; and whether Smithfield timely paid all wages due. Given that these legal issues are shared by the putative class, the Court concludes that the commonality requirement is met.

**3. Typicality**

Typicality requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Representative claims are "typical" if they are "reasonably co-extensive with those of absent class members"; they "need not be substantially identical." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998). However, class representatives "must be able to pursue [their] claims under the same legal or remedial theories as the unrepresented class members." In re Paxil Litigation, 212 F.R.D. 539, 549 (C.D. Cal. 2003).

In the present case, both Plaintiff and the putative class members have suffered from the same allegedly wrongful conduct because Plaintiff was subjected to each of the employment practices alleged in the First Amended Complaint. The operative pleading alleges that Plaintiff and the putative class were all injured by common employment practices that were uniformly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4832 PA (JCx) | Date | December 29, 2018 |
|---|---|---|---|
| Title | Steven Kane v. Smithfield Direct, LLC | | |

applied by Defendant to each member of the class. Accordingly, the Court finds that the typicality requirement is met.

### 4. Adequacy of Representation

Rule 23(a) also requires that the representative parties be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate if the plaintiffs: (1) "do not have conflicts of interest with the proposed class" and (2) are "represented by qualified and competent counsel." Dukes v. Wal-Mart, Inc., 509 F.3d 1168, 1185 (9th Cir. 2007). At the heart of this requirement is the "concern over settlement allocation decisions." Hanlon, 150 F.3d at 1020.

Here, Plaintiff and their counsel appear to be qualified and competent. Plaintiff's counsel has had extensive class action litigation experience, including experience as lead counsel in a number of wage and hour class actions similar to the current action. Also, no conflicts of interest appear to exist between Plaintiff and the class or unique defenses that apply only to Plaintiff or would otherwise suggest that he is an inadequate representative. The Court therefore concludes that Plaintiff has satisfied the prerequisites of Rule 23(a).

### B. Rule 23(b)(3) Requirements

Rule 23(b)(3) requires the Court to find that: (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### 1. Predominance of Common Questions

The predominance inquiry tests "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Hanlon, 150 F.3d at 1022. This analysis requires more than proof of common issues of law or fact. See id. Rather, the common questions must "present a significant aspect of the case [that] they can be resolved for all members of the class in a single adjudication." Id.

"When the claim is that an employer's policy and practices violated labor law, the key question for class certification is whether there is a consistent employer practice that could be a basis for consistent liability." Kamar v. Radio Shack Corp., 254 F.R.D. 387, 399 (C.D. Cal. 2008). Class certification is usually appropriate where "liability turns on an employer's uniform

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4832 PA (JCx) | Date | December 29, 2018 |
|---|---|---|---|
| Title | Steven Kane v. Smithfield Direct, LLC | | |

policy that is uniformly implemented, since in that situation predominance is easily established." Id. Common claims predominate where a company-wide policy governs how employees spend their time and/or how they are paid. See, e.g., Wright v. Linkus Enterprises, Inc., 259 F.R.D. 468, 473 (E.D. Cal. 2009) (finding predominance, despite minor factual difference between individual class members, where the case involved "alleged policies that required class members to work without compensation, meal and rest periods, and/or reimbursement for expenses"); In re Wells Fargo Home Mortg. Overtime Pay Litig., 527 F. Supp. 2d 1053, 1065-68 (N.D. Cal. 2007) (finding predominance where, as a general matter, the defendant's policy and practice regarding compensation and exemption was uniform for all putative class members).

Here, as Plaintiff acknowledges in assessing the fairness and adequacy of the settlement, and the weaknesses of Plaintiff's case, there are strong arguments against predominance with respect to at least some of Plaintiff's claims. This Court, like many others, frequently deny certification of, for example, meal period and rest break claims because those claims often require individualized determinations. Nevertheless, because several of the issues related to potential exemptions from California's wage and hour laws that Defendant could assert as defenses to Plaintiff's claims appear to involve class-wide determinations, the Court concludes that the predominance requirement is met.

  **2.  Superiority**

The superiority inquiry requires determination of "whether objectives of the particular class action procedure will be achieved in the particular case." Hanlon, 150 F.3d at 1023. Notably, the class-action method is considered to be superior if "classwide litigation of common issues will reduce litigation costs and promote greater efficiency." Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996) (citation omitted).

Here, the relatively small amounts at issue for each member of the class, and difficulty proving liability, support a finding that maintaining this action as a class satisfies the superiority requirement. If each class member filed an individual action, the potential recovery for each individual might be considerably less, given the attorneys' fees and costs that would be incurred by each individual member. See Hanlon, 150 F.3d at 1023 ("Even if efficacious, these claims would not only unnecessarily burden the judiciary, but would prove uneconomic for potential plaintiffs."). Accordingly, a class action constitutes a superior method of adjudication, and Plaintiff has satisfied the requirements of Rule 23(b)(3).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4832 PA (JCx) | Date | December 29, 2018 |
|---|---|---|---|
| Title | Steven Kane v. Smithfield Direct, LLC | | |

    **C.**    <u>**Fairness of the Proposed Class Settlement**</u>

    Rule 23(e) requires a district court to determine whether a proposed class action settlement is "fundamentally fair, adequate, and reasonable." <u>Staton v. Boeing Co.</u>, 327 F.3d 938, 959 (9th Cir. 2003). As the Ninth Circuit has explained:

> The factors in a court's fairness assessment will naturally vary from case to case, but courts generally must weigh:
>
> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

<u>In re Bluetooth Headset Prods. Liability Litig.</u>, 654 F.3d 935, 946 (9th Cir. 2011) (quoting <u>Churchill Vill., L.L.C. v. Tucson Elec. Power Co.</u>, 8 F.3d 1370, 1375 (9th Cir. 1993)).

    Here, the parties negotiated their Settlement Agreement prior to the Court considering a Motion for Class Certification. In such circumstances, "where . . . a settlement agreement is negotiated prior to formal class certification, consideration of these eight . . . factors alone is not enough to survive appellate review." <u>Id.</u> Instead, because "there is an even greater potential for a breach of fiduciary duty owed the class during settlement" prior to formal class certification, "such agreements must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e) before securing the court's approval as fair." <u>Id.</u>; see also <u>McKinney-Drobnis v. Oreshack</u>, 16 F.4th 594, 607 (9th Cir. 2021) ("[W]hen a settlement precedes class certification, as it did here, the district court must apply 'an even higher level of scrutiny.'") (quoting <u>Roes v. SFBSC Mgmt., LLC</u>, 944 F.3d 1035, 1049 (9th Cir. 2019)); <u>Kim v. Allison</u>, 8 F.4th 1170, 1179 (9th Cir. 2021) ("Because these early, pre-certification settlements are so open to abuse and so little subject to scrutiny at the time by the district court, the court is required to search for 'subtle signs' that plaintiff's counsel has subordinated class relief to self-interest."); <u>Briseño v. Henderson</u>, 998 F.3d 1014, 1023 (9th Cir. 2021) ("[W]e have recognized the risks in allowing counsel to bargain on behalf of the entire

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4832 PA (JCx) | Date | December 29, 2018 |
|---|---|---|---|
| Title | Steven Kane v. Smithfield Direct, LLC | | |

class, especially pre-class certification when counsel may try to strike a quick settlement on behalf of the class.").

At the preliminary approval stage, some of the factors the Court must consider cannot be fully assessed. Accordingly, a full fairness analysis is unnecessary. See Alberto v. GMRI, Inc., 252 F.R.D. 652, 665 (E.D. Cal. 2008); Reade-Alvarez v. Eltman, Eltman & Cooper, P.C., 237 F.R.D. 26, 34 (E.D.N.Y. May 2006). Rather, the court need only review the parties' proposed settlement to determine whether it is within the permissible "range of possible judicial approval" and thus, whether the notice to the class and the scheduling of the formal fairness hearing is appropriate. Wright, 259 F.R.D. at 472. "[T]he court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." Hanlon, 150 F.3d at 1027. The Ninth Circuit has declared that a strong judicial policy favors settlement of class actions. Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992).

### 1. Strength of Plaintiffs' Case

Plaintiff and his counsel believe the proposed Settlement Agreement is fair and reasonable. As explained in the Motion for Preliminary Approval, Plaintiff faced significant hurdles both on the merits of the claims asserted in the operative pleading and in maintaining at least some of those claims as a class. This Court, and many others, often deny certification for off-the-clock, meal break, and rest period claims because such claims frequently require individualized determinations that are not amenable to class-wide treatment. Defendant also had several exemption defenses, both under the Federal Motor Carrier Safety Act and California's outside sales exemption, that, if successful, would have proven fatal to the claims asserted by Plaintiff both individually and on behalf of the class. Given these potential problems with Plaintiff's claims, this factor weighs in favor of finding that the Settlement Agreement is fundamentally fair, adequate, and reasonable.

### 2. Amount Offered in the Settlement Agreement

Plaintiff's counsel believes that the Settlement Agreement is in the best interests of the class. According to Plaintiff's counsel, after discounting for potential proof problems and the uncertain likelihood of success, the total amount of damages that the class could anticipate recovering totals approximately $605,000. The $350,000 Gross Settlement Amount therefore provides a recovery of nearly half of the damages allegedly suffered by the class (and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4832 PA (JCx) | Date | December 29, 2018 |
|---|---|---|---|
| Title | Steven Kane v. Smithfield Direct, LLC | | |

$174,027.50 Net Settlement Amount, should the Court ultimately award the costs and fees anticipated by Plaintiff's counsel, would provide a recovery of nearly 30%). Claims and administrative expenses are capped at $6,500, while Plaintiff will receive a $10,000 enhancement award. The amount provided in the Settlement Agreement is therefore a good result for the class members in light of the difficulties and expenses of litigating and maintaining this matter as a class action. Although the Settlement Agreement provides that attorneys' fees would be 33% of the total, and therefore exceed the Ninth Circuit's 25% benchmark for reasonableness, see Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047 (9th Cir. 2002), any amount that the Court might eventually trim from Plaintiff's counsel's fees would be added to the amount distributed to the class rather than revert to Defendant. The Court therefore concludes that the total settlement amount and proposed distribution of funds appears to be reasonable and therefore favors approval of the proposed Settlement Agreement.

### 3.    Extent of Discovery Completed and Stage of the Proceedings

The parties indicate that they conducted significant informal and formal discovery prior to negotiating the Settlement Agreement. The information obtained by Plaintiff included information relating to the number of employees subject to the challenged wage and hour policies, their wages, and the number of work weeks covered by the class period. It appears that the parties have spent a significant amount of time considering the issues and facts in this case and are in a position to determine whether settlement is a viable alternative to further litigation.

### 4.    Experience and Views of Counsel

The Court finds that Plaintiff's counsel has had sufficient experience with class action litigation to appropriately assess the legal and factual issues in this matter and determine whether the proposed Settlement Agreement serves the interests of the class members. Given that Plaintiff's counsel believes the proposed Settlement Agreement is both fair and adequate, this also weighs in favor of preliminary approval.

### 5.    Collusion between the Parties

To determine whether there has been any collusion between the parties, courts must evaluate whether "fees and relief provisions clearly suggest the possibility that class interests gave way to self interests," thereby raising the possibility that the settlement agreement is the result of overt misconduct by the negotiators or improper incentives for certain class members at the expense of others. Staton, 327 F.3d at 961. According to the Ninth Circuit:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4832 PA (JCx) | Date | December 29, 2018 |
|---|---|---|---|
| Title | Steven Kane v. Smithfield Direct, LLC | | |

Collusion may not always be evident on the face of a settlement, and courts therefore must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations. A few such signs are:

> (1) "when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded,";
> (2) when the parties negotiate a "clear sailing" arrangement providing for the payment of attorneys' fees separate and apart from class funds, which carries "the potential of enabling a defendant to pay class counsel excessive fees and costs in exchange for counsel accepting an unfair settlement on behalf of the class,"; and
> (3) when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund[.]

In re Bluetooth Headset Prods. Liab., 654 F.3d at 947 (citations omitted) (quoting Hanlon, 150 F.3d at 1021; Lobatz v. US West Cellular, 222 F.3d 1142, 1148 (9th Cir. 2000)); see also Kim, 8 F.4th at 1180 ("Signs of collusion can include: (1) a handsome fee award despite little to no monetary distribution for the class, (2) a 'clear sailing' provision under which defendant agrees not to object to the attorneys' fees sought, and (3) an agreement that fees not awarded will revert to the defendant, not the class fund."). "The presence of these three signs is not a death knell—but when they exist, 'they require the district court to examine them, . . . develop the record to support its final approval decision,' and thereby 'assure itself that the fees awarded in the agreement were not unreasonably high.'" Kim, 8 F.4th at 1180 (quoting Allen v. Bedolla, 787 F.3d 1218, 1224 (9th Cir. 2015)).

Here, the Settlement Agreement provides that Plaintiff's counsel "shall be paid up to one-third of the Gross Settlement Amount, $116,666.00, for their Attorneys' Fees, and up to $19,000 as reimbursement of litigation costs. . . . Defendant shall not oppose Class Counsel's Attorneys' Fees and Costs Payment request in these amounts." (Settlement Agreement ¶ 67.) This "clear sailing" provision is an indicia of collusion. The Court is also cognizant of the fact that Plaintiff's counsel anticipates seeking fees in excess of the 25% benchmark applied in the Ninth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4832 PA (JCx) | Date | December 29, 2018 |
|---|---|---|---|
| Title | Steven Kane v. Smithfield Direct, LLC | | |

Circuit, which could also support a suspicion of collusion. Nevertheless, because any attorneys' fees and costs that the Court does not ultimately award would increase the amounts distributed to the class rather than revert to Defendant, and in light of the significant monetary recovery the class will receive, the Court, at least at this preliminary stage, and without having obtained the views of class members, concludes that there is insufficient evidence of collusion to deny preliminary approval even under the "higher level of scrutiny" that the Court must apply. Indeed, the proposed Settlement Agreement is the product of extensive negotiations between the parties, including a mediation session conducted with the assistance of a neutral settlement officer. See In re Bluetooth Headset Prods. Liab., 654 F.3d at 948 ("[T]he mere presence of a neutral mediator, though a factor weighing in favor of a finding of non-collusiveness, is not on its own dispositive of whether the end product is a fair, adequate, and reasonable settlement agreement.").

For all of these reasons, the Court concludes that the proposed Settlement Agreement submitted by the parties is within the "range of possible judicial approval." Wright, 259 F.R.D. at 472.

### D. Notice to the Class

Under Federal Rule of Civil Procedure 23(e), this Court must "direct notice in a reasonable manner to all class members who would be bound by the proposal." Such notice is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." Rodriguez v. West Publ'g Corp., 563 F.3d 948, 962 (9th Cir. 2009).

Here, the proposed notice plan submitted by the parties is reasonably calculated to reach the members of the class. The parties have selected a neutral claims administrator who will handle all communications to and from the class members. The parties have agreed that no later than 14 days after the Court's entry of this order, Defendant will provide the claims administrator with a database containing the employment periods, names, social security numbers, and last known addresses of all the class and collective members. Within 35 days of receiving the class list, the claims administrator will send a Notice of Proposed Class Settlement and Final Fairness and Approval Hearing to the class members via first class mail. The claims administrator will make efforts to determine a correct address for any mail that is returned as undeliverable. Class members will have 60 days from the date that the notices are mailed to postmark their claim forms, written objections, and requests for exclusion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4832 PA (JCx) | Date | December 29, 2018 |
|---|---|---|---|
| Title | Steven Kane v. Smithfield Direct, LLC | | |

The proposed notice describes the essential terms of the proposed Settlement Agreement, defines the class, sets forth the procedures for opting out of the class, filing objections to the proposed Settlement Agreement, and provides information on the date, time, and location of the fairness hearing.  The Court finds that these notice methods are reasonably calculated to afford the class members an opportunity to present their objections.  As such, the parties are ordered to issue settlement notices to the class pursuant to the proposed notice plan and substantially in the form submitted for the Court's approval as Exhibits 1 and 2 to the Settlement Agreement.

## Conclusion

The Court grants the Motion for Preliminary Approval of Class Action Settlement.  The fairness hearing for final approval of the proposed Settlement Agreement is set for August 1, 2022, at 1:30 p.m. in this Court.  A Motion for Final Approval of the Settlement Agreement, as well as any Motion for Attorneys' Fees and Costs, shall be filed in accordance with Local Rule 6-1.  The Court vacates the remaining pretrial and trial dates.

IT IS SO ORDERED.