UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4832 PA (JCx) | Date | July 20, 2022 |
|---|---|---|---|
| Title | Steven Kane v. Smithfield Direct, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court are a Motion for Final Approval of Class Action Settlement ("Motion for Final Approval") (Docket No. 39) and a Motion for Attorneys' Fees, Litigation Costs, Class Representative Service Payment, and Administration Expenses ("Motion for Fees") (Docket No. 38) filed by plaintiff Steven Kane ("Plaintiff"). Defendant Smithfield Direct, LLC ("Defendant") has filed Notices of Non-Opposition to the two Motions. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for August 1, 2022, is vacated, and the matters taken off calendar.

## I. Factual and Procedural Background

Plaintiff seeks final approval of his settlement of wage-and-hour claims on behalf of a putative California class of all persons who were employed by Defendant in California as hourly Route Sales Representatives and/or Relief Route Sales Representatives from April 12, 2017, through November 30, 2020. Plaintiff's operative First Amended Complaint alleges claims under the California Labor Code for: (1) an alleged failure to pay minimum wages; (2) an alleged failure to pay overtime; (3) an alleged failure to pay all vacation wages; (4) an alleged failure to provide meal periods; (5) an alleged failure to provide rest periods; (6) an alleged failure to pay sick leave at the appropriate rate; (7) an alleged failure to provide accurate wage statements; and (8) an alleged failure to pay wages timely to terminated employees. Plaintiff also asserts a claim for unfair competition and eight separate claims under California's Private Attorneys General Act ("PAGA").

The Action was removed to this Court pursuant to this Court's diversity jurisdiction based on allegations that Plaintiff's citizenship is diverse from Defendant and the amount in controversy associated with Plaintiff's individual claims exceeded $75,000.00, and that the Court possesses supplemental jurisdiction over the claims of the putative class members. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4832 PA (JCx) | Date | July 20, 2022 |
|---|---|---|---|
| Title | Steven Kane v. Smithfield Direct, LLC | | |

Action was not removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

The parties propounded and responded to interrogatories, exchanged and reviewed initial disclosures, reviewed class member information, exchanged timekeeping records, and conducted depositions of Plaintiff and two of Defendant's Federal Rule of Civil Procedure 30(b)(6) witnesses. Plaintiff filed a Motion for Class Certification on October 12, 2021. The parties then attended a mediation session on October 25, 2021. The parties accepted the mediator's proposal for resolution several days after the mediation and Plaintiff withdrew the Motion for Class Certification prior to filing a Motion for Preliminary Approval of Class Action Settlement.

The Settlement Agreement provides for a Gross Settlement Amount ("GSA") of $350,000, of which no part reverts to Defendant. The GSA includes (i) Class Counsel's attorneys' fees up to $116,666, which constitutes 33% of the GSA, to compensate Class Counsel for work performed and remaining to be performed to secure final settlement approval, and (ii) litigation expenses estimated at $19,000; (iii) a Class Representative Service Payment to Plaintiff of $10,000; (iv) Administration expenses not to exceed $6,500; and (e) PAGA Payment of $15,000, with 75% ($11,250) going to the Labor Workforce and Development Agency and 25% ($3,750) to all eligible aggrieved employees. Under the terms of the Settlement Agreement, should the Court approve the deductions for attorneys' fees, costs, and a service payment to Plaintiff, the Net Settlement Amount ("NSA") for distribution to the members of the class would equal $174,027.50.

The Court, in a December 29, 2029 Minute Order, granted Plaintiff's Motion for Preliminary Approval. (See Docket No. 37.) In reviewing the Motion for Preliminary Approval, the Court applied "heightened scrutiny" to the proposed settlement agreement because it was negotiated prior to certification of the class and the settlement agreement's "clear sailing" provision related to an award of attorneys' fees to Plaintiff's counsel provided an indicia of collusion. In re Bluetooth Headset Prods. Liability Litig., 654 F.3d 935, 947 (9th Cir. 2011); see also Kim v. Allison, 8 F.4th 1170, 1179 (9th Cir. 2021) ("Because these early, pre-certification settlements are so open to abuse and so little subject to scrutiny at the time by the district court, the court is required to search for 'subtle signs' that plaintiff's counsel has subordinated class relief to self-interest."); Briseño v. Henderson, 998 F.3d 1014, 1023 (9th Cir. 2021) ("[W]e have recognized the risks in allowing counsel to bargain on behalf of the entire class, especially pre-class certification when counsel may try to strike a quick settlement on behalf of the class.").

The Court's Minute Order granting the Motion for Preliminary Approval conducted a thorough analysis of the Federal Rule of Civil Procedure 23 factors and concluded, at the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4832 PA (JCx) | Date | July 20, 2022 |
|---|---|---|---|
| Title | Steven Kane v. Smithfield Direct, LLC | | |

preliminary stage, that the proposed settlement satisfied those factors and was "fundamentally fair, adequate, and reasonable." Staton v. Boeing Co., 327 F.3d 938, 959 (9th Cir. 2003). The claims administrator then provided notice to the class as approved by the Court. According to the Motion for Final Approval, Plaintiff's counsel and the claims administrator have received no objections or requests for exclusion. Nor has any member of the class notified the Court of any concerns related to the Settlement Agreement.

**II.    Analysis**

    **A.    Motion for Final Approval**

The Court adopts the Rule 23 analysis contained in its Minute Order granting the Motion for Preliminary Approval and incorporates that analysis and factual findings in for purposes of the Motion for Final Approval. In light of the lack of objections and requests for exclusions among the members of the class, and for the reasons stated in the Minute Order granting the Motion for Preliminary Approval, the Court concludes, after subjecting the Settlement Agreement to heightened scrutiny, that it is "fundamentally fair, adequate, and reasonable," and satisfies the requirements of Rule 23. Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc., 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("[T]he absence of a large number of objections to the proposed class action settlement raises a strong presumption that the terms . . . are favorable to the class members."). The Court therefore grants the Motion for Final Approval.

    **B.    Motion for Fees**

Plaintiff's Motion for Fees seeks an award of attorneys' fees of $116,666.00 (one-third of the Gross Settlement Amount), reimbursement of litigation expenses of $16,293.78, Class Representative Service Payment of $10,000.00, and settlement administration expenses of $6,500.00 from the $350,000.00 common fund.

        **1.    Attorneys' Fees**

The Settlement Agreement provides that Plaintiff's counsel "shall be paid up to one-third of the Gross Settlement Amount, $116,666.00, for their Attorneys' Fees, and up to $19,000 as reimbursement of litigation costs. . . . Defendant shall not oppose Class Counsel's Attorneys' Fees and Costs Payment request in these amounts." (Settlement Agreement ¶ 67.) As the Court noted in its Minute Order granting the Motion for Preliminary Approval, this "clear sailing" provision is an indicia of collusion. The Court also stated that it was cognizant of the fact that:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4832 PA (JCx) | Date | July 20, 2022 |
|---|---|---|---|
| Title | Steven Kane v. Smithfield Direct, LLC | | |

> Plaintiff's counsel anticipates seeking fees in excess of the 25% benchmark applied in the Ninth Circuit, which could also support a suspicion of collusion. Nevertheless, because any attorneys' fees and costs that the Court does not ultimately award would increase the amounts distributed to the class rather than revert to Defendant, and in light of the significant monetary recovery the class will receive, the Court, at least at this preliminary stage, and without having obtained the views of class members, concludes that there is insufficient evidence of collusion to deny preliminary approval even under the "higher level of scrutiny" that the Court must apply. Indeed, the proposed Settlement Agreement is the product of extensive negotiations between the parties, including a mediation session conducted with the assistance of a neutral settlement officer. See In re Bluetooth Headset Prods. Liab., 654 F.3d at 948 ("[T]he mere presence of a neutral mediator, though a factor weighing in favor of a finding of non-collusiveness, is not on its own dispositive of whether the end product is a fair, adequate, and reasonable settlement agreement.").

(Docket No. 37 at 9-10.)

The Court is obligated to conduct a careful review of the reasonableness of requested attorneys' fees and costs. See In re Wash Pub. Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1302 (9th Cir. 1994). "[I]n common fund cases[,] the relationship between plaintiffs and their attorneys turns adversarial at the fee-setting stage, [and] courts have stressed that when awarding attorneys' fees from a common fund, the district court must assume the role of fiduciary for the class plaintiffs." Id.

In common fund cases, "where the settlement or award creates a large fund for distribution to the class, the district court has discretion to use either a percentage or lodestar method." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir. 1998). "The percentage method means that the court simply awards the attorney a percentage of the fund sufficient to provide class counsel with a reasonable fee." Id. The percentage-of-recovery method is appropriate when a settlement produces a common fund for the benefit of the entire class. In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 942 (9th Cir. 2011). The Ninth Circuit has established 25% of the common fund "as a benchmark award for attorney fees." Id.; see also Adoma v. Univ. of Phx., Inc., 913 F. Supp. 2d 964, 981 (E.D. Cal. 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4832 PA (JCx) | Date | July 20, 2022 |
|---|---|---|---|
| Title | Steven Kane v. Smithfield Direct, LLC | | |

The lodestar method can confirm that a percentage of recovery amount does not award counsel an exorbitant hourly rate." In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d at 945. Plaintiff was represented by attorneys from two firms, Cohelan Khoury & Singer ("CKS") and Davtyan Law Firm ("Davtyan"), with five partners, a junior associate, and two paralegals from CKS and a partner from Davtyan all billing time on the matter. For purposes of the lodestar "cross-check," the partners claim hourly rates of between $595 and $900, with the junior associate at $350 per hour and the paralegals at $200 and $170 per hour. The CKS lawyers and paralegals claim to have expended 332.4 hours on the matter with a total claimed lodestar figure of $194,200.50. The partner from Davtyan claims to have worked 49.7 hours on the matter with a claimed total lodestar figure of $29,571.50. (See Docket No. 38, Ex. 1.) The two law firms anticipate expending an additional 30 hours for work through the final approval process at an average rate of $550 per hour for a combined total lodestar amount of $240,727.00. (See id.)

Plaintiff's counsel did not provide any sort of summary of the hours they expended. Without that information, the Court is unable to determine the reasonableness of the hours counsel claims to have worked. Given the relatively early stage at which the parties entered into the Settlement Agreement, however, and the large number of attorneys who billed on the matter, the lodestar figure appears inflated. At a minium, without evidence of the work performed, the Court cannot conclude that the lodestar figure provides support for a fee award in excess of the Ninth Circuit's 25% benchmark. The Court therefore concludes that an award consistent with the 25% benchmark is adequate in this instance. Indeed, considering the results achieved, time expended, risk of litigation, skill required, quality of work, contingent nature of the fee, financial burden carried by class counsel, and awards made in similar cases, as well as the lack of class member objections to the requested fee award, the Court finds that an award of 25% of the common fund, or $87,500.00, is reasonable and awards that amount to Plaintiff's counsel from the settlement fund.[1]

### 2. Litigation Costs

Plaintiffs' counsel also request reimbursement for $16,293.78 in litigation expenses. "There is no doubt that an attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation expenses from that fund." Ontiveros v. Zamora, 303 F.R.D. 356, 375 (E.D. Cal. 2014). The Settlement Agreement provides for the reimbursement of reasonable costs. Based on the evidence presented of the costs for which Plaintiff's counsel seeks an award, the Court concludes that the requested costs are reasonable.

---

[1] In granting the requested 25% benchmark, the Court declines to rule on whether the proposed billing rates of class counsel are fair and reasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4832 PA (JCx) | Date | July 20, 2022 |
|---|---|---|---|
| Title | Steven Kane v. Smithfield Direct, LLC | | |

See, e.g., Greer v. Dick's Sporting Goods, Inc., 2020 U.S. Dist. LEXIS 168923, at *35 (E.D. Cal. Sept. 15, 2020). The Court therefore approves Plaintiff's request for $16,293.78 in costs to be awarded from the settlement fund.

### 3. Administrative Expenses

Plaintiff seeks Court authorization for payment of administration expenses in the amount of $6,500.00 from the common fund. The claims administrator was retained to perform several duties including to develop and execute a notice program targeting potential settlement class members, provide timely notice by first class mail; and make settlement payment distributions in accordance with the agreement. Based on the declarations in support of these costs and the evidence submitted, the Court awards administration expenses of $6,500.00 to the claims administrator from the settlement fund.

### 4. Named Plaintiffs' Incentive Awards

Finally, Plaintiff requests that the Court approve an incentive payment in the amount of $10,000.00 to Plaintiff. "Such awards are discretionary, and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." Rodriguez v. West Publ'g Corp., 563 F.3d 948, 958-59 (9th Cir. 2009). Courts have generally found incentive payments up to $5,000.00 to be reasonable. See, e.g., In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 463 (9th Cir.2000); In re SmithKline Beckman Corp. Sec. Litig., 751 F. Supp. 525, 535 (E.D. Pa.1990). Although some courts have approved somewhat higher incentive awards, incentive awards of around $5,000.00 remain common. See In re Online DVD-Rental Antitrust Litig., 779 F.3d 934, 943 (9th Cir. 2015) (upholding district court's incentive award to representative plaintiff of $5,000); but see Chao v. Aurora Loan Services, LLC, 2015 WL 294823, at *3 (N.D. Cal. Jan. 21, 2015) (approving incentive awards in the amount of $7,500 to each of the five class representatives). Based on Plaintiff's briefing and evidence submitted, the Court finds an incentive award of $5,000.00 is reasonable. The Court therefore grants in part Plaintiff's request for an incentive payment, and authorizes payment of $5,000.00 from the settlement fund to Plaintiff as an incentive award.

### Conclusion

For all of the foregoing reasons, the Court grants Plaintiff's Motion for Final Approval. The Court additionally grants in part, and denies in part, Plaintiff's Motion for Fees. The Court reduces the amount of attorneys' fees to 25% of the common fund and authorizes payment of an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4832 PA (JCx) | Date | July 20, 2022 |
|---|---|---|---|
| Title | Steven Kane v. Smithfield Direct, LLC | | |

incentive award to Plaintiff in the amount of $5,000.00. The Court authorizes payment from the common fund of the litigation costs and administration expenses sought by Plaintiff. The Court will enter a Judgment consistent with this Order.

IT IS SO ORDERED.